IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| VICTOR K. LEMMONS, JR., | ) |
| | ) |
| Plaintiff | ) 1:20-CV-00324-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| MICHAEL HOLMAN, DEPUTY | ) UNITED STATES MAGISTRATE JUDGE |
| WARDEN, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

MEMORANDUM OPINION

I.     Introduction

Plaintiff Victor K. Lemmons, Jr., (Lemmons) filed his initial complaint on November 16, 2020.[1] See ECF No. 1. A month later, Lemmons filed a motion for leave to proceed *in forma pauperis*. ECF No. 6. He provided required financial information five months later, and the Court granted his motion on August 27, 2021. ECF Nos. 13, 16. His complaint was docketed the same day and named Michael Holman, Deputy Warden of the Erie County Prison (Holman), as the sole Defendant. ECF No. 21. Holman filed a motion to dismiss, or, in the alternative, motion for summary judgment, with a supporting brief. ECF Nos. 24, 25. The Court ordered Lemmons to respond by December 10, 2021. ECF No. 27. A month and a half later, the Court issued an amended order to respond by January 31, 2021, after it learned that Plaintiff had

---

[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. ECF Nos 2, 23.

1

relocated to a new address. ECF No. 29. The Court received no response from Lemmons by that date. Thus, on February 24, 2022, the Court ordered Plaintiff to show cause for his failure to respond.[2] ECF No. 30. As of today's date, the Court has received no response from Lemmons.

II.   Standard of Decision

Federal Rule of Civil Procedure 41(b) states, in relevant part, that "if the plaintiff fails to prosecute…a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). A district court may also dismiss a case pursuant that Rule for a plaintiff's failure to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id.*

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. These factors must be balanced

---

[2] The Court's show cause order was mailed to Lemmons at two addresses: his address of record for this case, and his address of record for another case in this District, *Lemmons v. Doe*, civil docket no. 1:20-cv-00328-SPB-RAL. *See Metzger v. Allegheny Cty.*, 2021 WL 2865446, at *1 n.1 (W.D. Pa. July 8, 2021) (taking judicial notice of court dockets). While the show cause order was returned as undeliverable from his address of record for this case, the order was not returned from his address of record in *Lemmons v. Doe*. The Court also takes judicial notice that docket entries in *Lemmons v. Doe* have not been returned as undeliverable from his listed address.

2

in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). There is no "magic formula" for balancing the *Poulis* factors and not all of the six factors need to be satisfied in order to warrant dismissal. S*ee Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P.*, 405 Fed. Appx. 592, 595 (3d Cir. 2010) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) and *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003)).

III.   Discussion

Because all six of the *Poulis* factors weigh in favor of dismissal, the Court should dismiss this matter. Each factor is considered below.

    A.   The extent of the party's personal responsibility

Lemmons is representing himself in this matter. Therefore, he is the party responsible for failing to respond to the Court's show cause order and the motion to dismiss, despite being directed to do so. *See, e.g., Williams-Bearden v. Clouser*, 2021 WL 4743705, *2 (M.D. Pa. Oct. 12, 2021). Thus, Lemmons alone is responsible for any failure to prosecute his claims. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders); *Ferguson v. Klock*, 2021 WL 1293431, at *2 (E.D. Pa. Apr. 7, 2021).

    B.   Prejudice to the adversary

The second *Poulis* factor, prejudice to the Defendant caused by Lemmons' failure to respond to the pending motion to dismiss and show cause order, also favors dismissal. A finding of prejudice does not require "irremediable harm." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Instead, "the burden imposed

3

by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874. Lemmons' failure to litigate this case by responding to Defendant's motion dismiss together with his failure to comply with this Court's show cause order frustrates and delays the resolution of this matter. This failure prejudices the Defendant, who seeks a timely resolution of this case. *See e.g., Parks v. Argueta*, 2016 WL 7856413 at *4 (M.D. Pa. Dec. 5, 2016) (dismissing case where a pro se litigant failed to respond to a pending motion for summary judgment).

        C.     A history of dilatoriness

The level of inattention Lemmons has displayed to this litigation is sufficient evidence, in the Court's view, to indicate that he does not intend to proceed with this case in a timely fashion. He has missed several court-mandated deadlines and remains in violation of the Court's show cause order. His last correspondence to this Court regarding this case was over ten months ago, on July 9, 2021. ECF No. 14. This factor weighs in favor of dismissal.

        D.     Whether the party's conduct was willful or in bad faith

Nothing in the record indicates that Lemmons' failures were the result of any "excusable neglect," *Poulis, supra.*, and it appears that his failure to comply with the show cause order is willful and purposeful. Thus, the record supports a finding that Lemmons has intentionally neglected his own case and disregarded the orders of the Court. This factor also weighs in favor of dismissal.

E.   Alternative sanctions

Imposition of costs or fees upon Lemmons would likely be ineffective as a sanction. The Court has no reason to believe that Lemmons has the means to pay a monetary sanction or that the imposition of a monetary sanction would prompt his compliance. Unlike the professional stigma and financial sting an attorney would feel if faced with a monetary sanction, the effects of such a sanction on a pro se litigant like Lemmons are minimal. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). In the current case, dismissal is likely the only effective sanction available to the Court.

F.   Meritoriousness of Lemmon's case

Further, Lemmons' claims lack merit. He alleged that while incarcerated at the Erie County Prison, he was twice charged a ten dollar "misconduct fee." ECF No. 21, p. 2. Even assuming (without deciding) that Lemmons has pleaded sufficient personal involvement of Defendant Holman under 42 U.S.C. § 1983, such minimal fees and the process of imposing them do not violate the Eighth or Fourteenth Amendments. *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410 (3d Cir. 2000) (affirming judgment for defendants on claims for jail fees exceeding $4,000); *Quinnones v. Fischi*, 2012 WL 1072278 (M.D. Pa. Marc. 29, 2012) ("Prison grievance procedures constitute an adequate remedy for a prisoner to challenge deductions from his account."). Thus, this factor favors dismissal.

IV.     Conclusion

Accordingly, this action will be dismissed based on Lemmons' failure to prosecute. Holman's motion to dismiss [ECF No. 24] will be denied as moot. A separate order follows.

DATED this 23rd day of May, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE